```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
YVETTE IDLET,

                Plaintiff,
                                           MEMORANDUM AND ORDER
        v.
                                           18-cv-05183(KAM)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
-----------------------------------X
```
**MATSUMOTO, United States District Judge**:

Pursuant to 42 U.S.C. § 405(g), Yvette Idlet ("plaintiff") commenced this action *pro se* on September 5, 2018, to appeal the final decision of the Commissioner of Social Security ("defendant"), which found that plaintiff was not eligible for disability insurance benefits and supplemental security income under Title II and Title XVI of the Social Security Act ("the Act"), on the basis that plaintiff was not disabled within the meaning of the Act.  Plaintiff alleges that she is disabled under the Act and is thus entitled to receive the aforementioned benefits.

Presently before the court is plaintiff's complaint (ECF No. 1, Complaint Against Commissioner of Social Security ("Complaint")), defendant's unopposed motion to dismiss (ECF No. 23, Notice of Motion to Dismiss) and defendant's Memorandum of Law.  (ECF No. 26, Memorandum of Law in Support of Defendant's Motion to Dismiss ("Def. Mem.").)  For the reasons stated below,

1

defendant's motion to dismiss is GRANTED and the action is hereby dismissed.

**PROCEDURAL HISTORY**

The onset of plaintiff's disability allegedly began in her childhood, and plaintiff claims that she was disabled due to bipolar disorder. (ECF No. 1, Complaint at 1.)  Additionally, plaintiff alleges that she is disabled due to arthritis in her left knee; in plaintiff's handwritten form Complaint, the onset date of her arthritis is unclear.  (*Id.*)  According to the Complaint, the Bureau of Disability Insurance of the Social Security Administration disallowed plaintiff's application on the ground that "plaintiff failed to establish a period of disability and/or . . . plaintiff did not have an impairment or combination of impairments of the severity prescribed" under the Act.  (*Id.* at 1-2.)  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and, on January 4, 2017, plaintiff appeared and testified before an ALJ.  (*Id.*)  By a decision dated May 3, 2017, the ALJ determined that plaintiff was not disabled within the meaning of the Act and was thereby not entitled to benefits[1].  (*Id.* at 4.)

---

[1] Plaintiff's Complaint states that her disability application was denied on April 28, 2017, (Compl. at 2), whereas the Notice of Appeals Council Action letter states that the ALJ's decision is dated May 3, 2017.  ECF No. 24-1, pp. 8-17, comprises the ALJ's decision, which confirms the correct date is May 3, 2017, though the correction is immaterial here.

Plaintiff appealed the ALJ's decision to the Appeals Council. (*Id*.) On April 16, 2018, the Appeals Council denied plaintiff's request for review of the ALJ's decision, thereby rendering the ALJ decision the final decision in the case. (*Id*.) On September 5, 2018, plaintiff filed the instant action and her motion for leave to proceed *in forma pauperis* in federal court. (ECF Nos. 1 and 2.) On September 4, 2018, the court granted plaintiff's motion to proceed *in forma pauperis* and issued a scheduling order for the case. (ECF No. 4, Order.) On December 4, 2018, the Commissioner filed a request for a pre-motion conference, in accordance with the court's individual practices, and in anticipation of filing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that the action was not timely filed. (ECF No. 7, Motion for Pre Motion Conference.) On December 4, 2018, the court granted defendant's pre-motion conference request. (Dkt. Order dated 2/4/2018.)

On December 17, 2018, the parties appeared for a telephonic pre-motion conference, at which plaintiff appeared *pro se*. Plaintiff stated that she was seeking representation in this action. The court set a briefing schedule for defendant's motion to dismiss, whereby all moving papers would be fully briefed and uploaded to ECF by May 7, 2019. (Minute Entry & Order dated 12/17/2018.) On February 15, 2019, the court

3

granted the Commissioner's request for an extension of the briefing schedule, to May 27, 2019.  (Dkt. Order dated 2/15/2019.)  On March 5, 2019, the Commissioner timely served plaintiff with defendant's notice of motion, memorandum of law in support of defendant's motion to dismiss, and other moving papers.  (ECF No. 15, Letter.)

Without requesting or obtaining an extension of time to serve her opposition to the Commissioner's motion, plaintiff failed to serve her opposition in accordance with the court's briefing schedule.  (ECF No. 16, Letter Motion for Leave to File Document.)  Accordingly, on June 20, 2019, defendant requested that the court allow the Commissioner to file his motion as fully briefed, or issue an order directing plaintiff to respond to defendant's motion by a date certain.  (*Id.*)  Defendant attached a letter dated April 8, 2019 from plaintiff, in which she noted that "the lawyer that I asked to represent me, cannot represent me in my case, so I would like to move forward and pursue this matter with my case on my own."  (ECF No. 16-1.)

On June 28, 2019, the court denied without prejudice the Commissioner's motion for leave to file its motion at that time and, instead, granted plaintiff an additional month to serve her opposition on the government, *i.e.* until July 29, 2019.  (Dkt. Order dated 6/28/2019.)  On June 28, 2019, defendant mailed plaintiff the court's June 28, 2019 docket

4

order, extending for one month plaintiff's time to oppose defendant's motion to dismiss. (ECF No. 17, Certificate of Service.) On August 29, 2019, the Commissioner filed its second motion for leave to file its motion to dismiss as fully briefed due to plaintiff's continuing failure to serve her opposition upon defendant. (ECF No. 18, Letter Motion for Leave to File Document.) In its September 3, 2019 order, the court noted that "plaintiff has failed to comply with the court's February 15, 2019 and June 28, 2019 orders." (Dkt. Order dated 9/3/2019.) The court granted plaintiff until September 30, 2019 to respond to the government's motion, and "advised [plaintiff] that this is her last opportunity to oppose the government's motion." (*Id.*) Further, the court cautioned plaintiff "that the court may dismiss the case for failure to prosecute or comply with court orders pursuant to Federal Rule of Civil Procedure 41 or deem the government's motion unopposed if she does not serve an opposition on the government." (*Id.*) On October 4, 2019, *i.e.* five months after the initial deadline set by the court, the Commissioner informed the court that plaintiff again had failed to serve her opposition papers upon the government, and renewed its request to file the defense motion as fully briefed or, alternatively, requested that the court issue an order dismissing the case for plaintiff's failure to prosecute. (ECF No. 21, Letter.) On October 8, 2019, the court granted the

5

Commissioner's motion for leave to file its motion to dismiss as unopposed.  (Dkt. Order dated 10/8/2019.)

On October 9, 2019, the Commissioner filed its motion papers with the court.  (ECF Nos 23 and 24.)  Due to an error, defendant uploaded the incorrect brief to ECF, and on February 27, 2020, defendant uploaded the correct brief.[2]  (ECF No. 26, Def. Mem.)  As the court stated in its October 8, 2019 order granting the Commissioner leave to file its motion, plaintiff has been afforded significant latitude due to her *pro se* status; at this juncture, the court considers the present motion to be fully submitted.

## LEGAL STANDARD

### a. 42 U.S.C. § 405(g)

As set forth in the Notice of Appeals Council Action letter ("Notice"), which plaintiff included as part of the Complaint, unsuccessful claimants for disability benefits under the Act may bring an action in federal district court seeking judicial review of the Commissioner's denial of their benefits within 60 days of receipt of the Notice; further, the Appeals Council "assume[s] [claimant] received this letter 5 days after the date on it" unless plaintiff shows that she did not receive

---

[2] On October 9, 2019, the government inadvertently filed with the court an incorrect brief, pertaining to another social security appeal.  (*See* ECF No. 24, Brief; Dkt. Order dated 2/26/2020.)  After the court ordered defendant to file the correct document, the government uploaded the correct brief on February 27, 2020.  (ECF No. 26, Brief.)

6

it within the five-day period.  (*Id.* at 4-5; *see also Randolph v. Comm'r*, 699 F. App'x 36, 37 (2d Cir. 2017) (summary order) (date of receipt by individual of Appeals Council's notice of denial of a request for review is presumed to be 5 days absent a reasonable showing to the contrary).

Title 42 U.S.C. § 405(g) also provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action  within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

As the United States Supreme Court has held, Section 405(g)'s "60-day requirement is not jurisdictional, but rather constitutes a period of limitations."  *Bowen v. City of New York*, 476 U.S. 467, 478 (1986); *see also Sindrewicz v. Chater*, No. 96-CV-139A(H), 1997 WL 1666564 at *1-2 (W.D.N.Y. Jan. 7, 1997).  Further, the 60-day limit is a "condition on the waiver of sovereign immunity and thus must be strictly construed," absent a showing that equitable tolling is warranted.  *Bowen*, 476 U.S. at 479-80.  The 60-day statute of limitations period provided by Congress in § 205(g) of the Act serves "to move millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually." *Bowen*, 476 U.S. at 481; *Wong v. Bowen*, 854 F.2d 630, 631 (2d Cir. 1988).  The Supreme

7

Court has noted that "an interpretation [of § 205(g)] that would allow a claimant judicial review simply by filing and being denied a petition to reopen his claim would frustrate the congressional purpose . . . to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). Additionally, Section 205(g), codified at 42 U.S.C. § 405(g), provides a plaintiff's exclusive remedy. As set forth in Title 42 U.S.C. § 405(h), "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h).

    **b. Statute of Limitations Defense Is Properly Raised by Rule 12(b)(6) Motion**

When a complaint is time-barred, it is properly dismissed under Rule 12(b)(6). *See Pressley v.* Astrue, No. 12-cv-8461, 2013 WL 3974094, at *2-3 (S.D.N.Y. Aug. 2, 2013). A motion to dismiss on statute of limitations grounds "generally is treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), as opposed to under Rule 12(b)(1)." *Courtney v. Colvin*, No. 13-CV-2884 (AJN)(JLC), 2013 WL 5652476, at *2 (S.D.N.Y. Oct 17, 2013). "The reason that Rule 12(b)(6) provides 'the most appropriate legal basis' for such a motion is 'because expiration of the

statute of limitations presents an affirmative defense.'" *Id.* (quoting *Nghiem v. U.S. Dep't of Veterans Affairs*, 451 F. Supp. 2d 599, 602 (S.D.N.Y. 2006).

In deciding the Rule 12(b)(6) motion, a court generally may only consider "facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). A court should consider the motion "accepting all factual allegations in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (quoting *ATSI Commc'ns, Inc. v Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level." *ATSI Commc'ns, Inc.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007)).

  c. **Failure to Prosecute and Comply with Court Orders under Rule 41(b)**

Although not explicitly authorized by Rule 41(b) of the Federal Rules of Civil Procedure ("Rule 41(b)"), the Second Circuit recognizes the district court's "inherent power" to dismiss a complaint for failure to prosecute *sua sponte*. *Zappin*

9

*v. Doyle*, 756 F. App'x 110, 111-12 (2d Cir. 2019) (citing *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009)). Similarly, a court has authority to dismiss an action for failure to comply with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b); *Lamont v. Edwards*, 690 F. App'x 61, 62 (2d Cir. 2017) (by summary order). Dismissals pursuant to Rule 41(b) are *with prejudice*, unless the dismissal order states otherwise. Fed. R. Civ. P. 41(b).

Under the relevant test, the district court weighs five factors when assessing whether to dismiss for failure to comply with court orders: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Zappin*, 756 F. App'x at 112. No single factor is generally dispositive. *Nita v. Connecticut Dep't of Env'tl Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

## DISCUSSION

### a. Plaintiff's Complaint Is Untimely

10

Plaintiff seeks review of the ALJ's final decision denying her disability insurance benefits and supplemental security income pursuant to the exclusive avenue provided in section 205(g) of the Act, codified at 42 U.S.C. § 405(g). Plaintiff's complaint, however, was untimely filed. As noted previously, the 60-day limitations period begins to run five days after the date set forth in the Appeals Council notice. 20 C.F.R. §§ 416.1401, 422.210(c). Here, the Notice is dated April 16, 2018. (ECF No. 1, Complaint.) Accordingly, the deadline for plaintiff to have commenced a civil action in this court was June 20, 2018.[3] Without proffering any reasons why her complaint should be considered timely, plaintiff did not commence this action until September 5, 2018, 77 days after the statute of limitations had passed. (*Id.*)

Many courts in this circuit have dismissed social security appeals where plaintiff filed the action after the statute of limitations had passed, including after shorter delays than the delay that occurred here. *See, e.g., Colvin*, 2013 WL 5652476, at *3 (*pro se* plaintiff filed a complaint seven days late); *Pressley v. Astrue*, No. 12-CV-8461 (NSR) (PED), 2013 WL 3974094, at *5 (S.D.N.Y. Aug. 2, 2013) (dismissing complaint that was filed five days late); *Rodriguez ex rel. JJT v. Astrue*,

---

[3] 60 days after April 16, 2016, plus five days for mailing.

11

No. 10-CV-9644 (PAC) (JLC), 2012 WL 292382, at *1 (S.D.N.Y. Jan. 31, 2012) (dismissing *pro se* complaint pursuant to Rule 12(b)(6) motion where plaintiff filed the complaint 81 days late); *Smith v. Comm'r of Soc. Sec.*, No. 08-CV-1547 (NGG), 2010 WL 5441669 at *1 (E.D.N.Y. Dec. 23, 2010) (dismissing *pro se* complaint where plaintiff filed the complaint four days late); *Johnson v. Comm'r of Soc. Sec.*, 519 F. Supp. 2d 448, 448-49 (S.D.N.Y. 2007) (dismissing *pro se* complaint where plaintiff filed the complaint nine days late). Consequently, absent equitable tolling, plaintiff's complaint must be dismissed as barred by the statute of limitations as set forth in 42 U.S.C. § 405(g).

### b. Equitable Tolling Does Not Apply to The Complaint

"[W]here a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way,'" a court may permit equitable tolling and, thus, deem filings timely. *See Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is only appropriate "in rare and exceptional circumstances . . . in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (citations and quotation marks omitted); *Canales v. Sullivan*, 936 F.2d 755 (2d Cir. 1991) (equitably tolling the 60-

day period because plaintiff had averred that her mental impairment caused incapacity during that period).

Here, plaintiff has not averred that the 60-day period should be equitably tolled due to, for example, a mental impairment resulting in incapacity, or any other rare and exceptional circumstances. Plaintiff has not provided any explanation for filing an untimely complaint, nor did she ask the Appeals Council or this court for an extension to file. Additionally, plaintiff has failed to comply with the court's scheduling orders and extensions, and failed to respond and file an opposition to defendant's motion, despite being granted several opportunities to do so. Therefore, the court finds that equitable tolling is not appropriate.

### c. Failure to Prosecute and Comply with Court Orders

The court also finds that the action is properly dismissed due to plaintiff's ongoing failure to prosecute and comply with court orders.

As noted above, plaintiff failed to serve her opposition on the government by May 6, 2019, in accordance with the court's briefing schedule. (Dkt. Order dated 2/15/2019.) Nonetheless, the court granted plaintiff an additional month to serve her opposition on the government. (Dkt. Order dated 6/28/2019.) On August 29, 2019, the court learned by way of the government's letter, that plaintiff had again failed to serve

13

her opposition upon defendant. (ECF No. 18.) By order dated September 3, 2019, the court noted that "plaintiff has failed to comply with the court's February 15, 2019 and June 28, 2019 orders." (Dkt. Order dated 9/3/2019.) The court granted plaintiff approximately one more month to respond to the government's motion, and further "advised [plaintiff] that this is her last opportunity to oppose the government's motion." (*Id.*). The court also cautioned plaintiff that "the court may dismiss the case for failure to prosecute or comply with court orders pursuant to Federal Rule of Civil Procedure 41. . . ." (*Id.*) Despite plaintiff's receiving a clear warning and a third extension of her time to respond to the government's motion, the court once again learned, on October 4, 2019, that plaintiff had failed to serve her opposition upon the government. (ECF No. 21.) Further compounding plaintiff's continued failure to comply with the court's orders, plaintiff has neither requested an extension of time to file her opposition nor submitted any correspondence to the court.

The court applies the five-factor test set forth in *Zappin* to the facts of this case and finds that, on balance, the case is properly dismissed for plaintiff's failure to prosecute and respond to court orders. *Zappin*, 756 F. App'x at 112. *First*, the duration of plaintiff's failure to comply with the court's orders and failure to prosecute has been significant and

14

weighs in favor of dismissal. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42-43 (2d Cir. 1982) (delays of a matter of months or years may warrant dismissal).

Since the court set a briefing schedule on February 15, 2019, plaintiff has failed to abide by the filing deadlines. Well over a year has elapsed since plaintiff's last correspondence with the court. Moreover, during that period, plaintiff failed to request enlargements of the time to file her opposition or explain why she was in violation of the court's orders. Even after the court cautioned plaintiff that the case might be dismissed for plaintiff's failure to prosecute or comply with court orders, plaintiff remained conspicuously dormant in the litigation. Plaintiff's inaction, since at least February 15, 2019, has left the court with no choice but to reasonably conclude that plaintiff has abandoned any efforts to prosecute the action. Thus, the first factor weighs in favor of dismissal pursuant to Rule 41(b).

*Second*, as noted above, plaintiff was on notice that failure to comply with the court's orders and failure to prosecute would likely result in dismissal. Thus, the second factor also weighs in favor of dismissal.

*Third*, though "[p]rejudice to defendants resulting from unreasonable delay may be presumed," *Lyell Theatre Corp.*, 682 F.2d at 43, the government has not alleged prejudice to

15

Commissioner should further delays ensue. Thus, this factor does not weigh in favor of dismissal.

*Fourth*, plaintiff's delay has not impacted the trial calendar, but has unnecessarily burdened the court's work, by requiring the court to continually monitor the docket and order plaintiff to prosecute the case. The fourth factor thus weighs in favor of dismissal.

*Fifth*, the court has considered imposing a lesser sanction or granting plaintiff a further extension, but rejects those options because the court has already provided plaintiff ample time and opportunities to oppose the government's motion, and plaintiff has not availed herself of those opportunities. Further, plaintiff has received, and apparently disregarded, the court's warning regarding her failure to prosecute. Moreover, under the *in forma pauperis* statute, the court "shall dismiss the case at any time if the court determines that . . . the action of appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Because the court finds that the court's review of the ALJ's final decision is time-barred under 42 U.S.C. § 405(g) of the Act, and the action is not subject to equitable tolling, plaintiff has failed to state a claim upon which relief may be granted. Accordingly, no lesser sanction than dismissal of this action, which was brought *in forma pauperis*, is appropriate in this case.

For the aforementioned reasons, the court finds that the five-factor test strongly weighs in favor of dismissal pursuant to Rule 41(b) and, thus, the court also dismisses the action on this ground.

## CONCLUSION

For the foregoing reasons, the court GRANTS defendant's motion to dismiss the complaint as untimely pursuant to Rule 12(b)(6).  The court also dismisses this action pursuant to Rule 41(b) due to plaintiff's failure to prosecute and failure to comply with court orders.  The court certifies pursuant to 28 U.S.C. Section 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to enter judgment for the defendant and close this case.  Defendant is respectfully directed to mail a copy of this Memorandum and Order and the judgment to the *pro se* plaintiff and note service on the docket within three (3) business days of this Memorandum and Order.

**SO ORDERED.**

DATED:   June 19, 2020
         Brooklyn, New York

                                              _____/s/_____
                                              **HON. KIYO A. MATSUMOTO**
                                              United States District Judge